UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUDOLPH YOUNG,

                        Petitioner,                    **DECISION AND ORDER**

    -vs-                                    **No.  07-CV-6047(VEB)**

JAMES CONWAY, Superintendent,

                        Respondent.
_____

     *Pro se* petitioner Rudolph Young ("Young") seeks a writ of habeas corpus pursuant to 28

U.S.C. § 2254. *See* Petition (Docket No. 1). Young challenges his September 7, 2000  conviction

following a jury trial in Monroe County Court on two counts of first degree robbery and one

count of first degree burglary. The critical issue at Young's trial was identification, and defense

counsel sought to introduce expert witness testimony on the reliability of eyewitness

identification. After hearing the offer of proof, the trial judge refused to allow the defense expert

to testify.

     In his habeas petition, Young raised the following grounds for habeas relief: (1) the

prosecution failed to establish by clear and convincing evidence that the victim's eyewitness

identification of petitioner had an independent source other than her line-up identification; (2)

the trial court abused its discretion in denying the defense request to call an expert witness on the

reliability of eyewitness identification testimony; and (3) the trial court abused its discretion in

sentencing petitioner under New York's allegedly unconstitutional persistent felony offender

statute. (Petition at 7-8, Docket No. 1). For elaboration of these claims, Young refers to his

"Separate Memorandum of Law," which is attached to the petition. *Id.* In his memorandum of

law, Young also argues that the trial court "denied the defense from calling [the expert] as a trial witness, thereby depriving the Petitioner his right to call a crucial witness and present a 'misidentification' defense. (<u>See</u>, <u>Chambers v. Mississippi</u>, 410 U.S. 284 (1973))." Petitioner's Memorandum of Law ("Pet'r Mem.") at 24 (Docket No. 1).

When respondent answered the petition, respondent asserted the defense of non-exhaustion with regard to Young's claim that the refusal of the trial court to allow him to call the expert witness was a violation of his constitutional right to present a defense. Respondent stated, "Petitioner claims for the first time on habeas corpus review that he was denied his constitutional right to a fair trial by the trial court's denial of his request to call Dr. John Brigham, a supposed expert on eye witness identification." Respondent's Memorandum of Law ("Resp't Mem.") at 24. Respondent contends that Young only raised the claim in terms that the evidentiary ruling amounted to an abuse of discretion by the trial judge. *Id.*

Young thereafter filed a motion to have his habeas petition stayed while he returned to state court to exhaust a claim of ineffective assistance of counsel premised on counsel's failure to assert the expert witness claim in constitutional terms. *See* Petitioner's Motion to Stay (Docket No. ). Young asserts that appellate counsel erred in failing to present, in constitutional terms, a claim that trial court's failure to allow him to call an expert witness at trial resulted in a denial of his due process right to present a defense.

Respondent opposed the stay motion, arguing that Young had failed to meet the criteria set forth in *Rhines v. Weber*, 544 U.S. 277 (2005), for invoking the stay-and-abeyance procedure. Respondent also argued that Young should not be permitted to amend his petition because he failed to fulfill the requirements of Rule 15 of the Federal Rules of Civil Procedure, which

applies to amendment of pleadings in civil actions, including habeas cases. In particular, respondent argues, the claim does not "relate back" to the original petition and is therefore untimely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Young thereafter submitted a reply brief.

After reviewing the parties' submissions, the Court has decided to exercise its discretion to allow Young to amend his petition to add his claim of ineffective assistance of appellate counsel.  After respondent answered the petition on June 13, 2007, Young submitted his first stay motion on June 28, 2007. After this Court denied the first motion without prejudice on August 13, 2007, Young promptly filed his *coram nobis* application instituting exhaustion proceedings regarding the ineffective assistance claim on August 28, 2007. It does not appear to this Court that Young has engaged in intentional delay or dilatory litigation tactics. Rather, it appears that he has been making diligent efforts to properly present his constitutional claims to the state courts and this Court.

Furthermore, the Court does not agree with respondent's conclusory assertion that Young's claim is plainly without merit. The Court's research reveals a trend towards finding admissible expert testimony regarding the reliability of eyewitness identifications. On the federal court level, the Third Circuit has held that expert testimony regarding accuracy and reliability of eyewitness identification evidence, which was primary basis upon which defendant had been convicted, would have been helpful to the trier of fact, and thus could not be excluded at trial, since human perception and memory was inherently unreliable and defendant did not have any physical scientific means of exonerating himself. *United States v. Brownlee*, 454 F.3d 131, 140-42 (3d Cir. 2006). In New York State, the Court of Appeals decided a case in 2007 explicitly

holding that where the case turns on the accuracy of eyewitness identifications and there is little or no corroborating evidence connecting the defendant to the crime, it is an abuse of discretion for a trial court to exclude expert testimony on the reliability of eyewitness identifications if that testimony is (1) relevant to the witness's identification of defendant, (2) based on principles that are generally accepted within the relevant scientific community, (3) proffered by a qualified expert, and (4) on a topic beyond the ken of the average juror. *People v. LeGrand*, 8 N.Y.3d 449, 835 N.Y.S.2d 523, 867 N.E.2d 374 (N.Y. 2007).

The compulsory process clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment secure the fundamental right of a defendant to present witnesses in his defense. *See Taylor v. Illinois*, 484 U.S. 400, 402 n. 1 (1988); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). "The *Taylor-Chambers* case law has been applied to the exclusion of expert witnesses," and thus this right includes the right to present expert witnesses. *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir.2001) (citing *Agard v. Portuondo*, 117 F.3d 696, 705 (2d Cir.1997), *rev'd on other grounds*, 529 U.S. 61 (2000); *Ronson v. Commissioner of Correction*, 604 F.2d 176, 178-79 (2d Cir.1979) (*per curiam*)). Therefore, this Court is unwilling to say at this juncture that Young's constitutional claim is without merit.

For the foregoing reasons, Young's motion to stay and to amend his petition to add the claim of ineffective assistance of appellate counsel, as set forth in "Plaintiff's Response to this Court's Decision and Order" (Docket No. 17), are **granted.** Because the claim "relates back" to the claims originally pled, it is deemed to be timely.

The original petition (Docket No. 1) and Young's renewed motion to stay (Docket No. 17) shall constitute the "Amended Petition" and there is no need for Young to formally file an

Amended Petition. However, he may do so if he so chooses.

Young is advised that he **_must_** return to this Court **_within thirty (30) days_** of the completion of the court proceedings in connection with his *coram nobis* application. That is, as soon as he receives a final order from the New York Court of Appeals, he must file a motion to lift the stay **_within thirty (30) days._**  Young is advised that his failure to comply with the Court's directives may result in *vacatur* of the stay order.

If the court proceedings on the *coram nobis* petition have already been completed (i.e., the New York Court of Appeals has issued an order denying leave to appeal) by the time Young receives this order, Young is directed to advise the Court within thirty (30) days. As soon as the Court receives Young's motion to lift the stay, the Court will issue another scheduling order.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
    VICTOR E. BIANCHINI
   United States Magistrate Judge

DATED:        February 3, 2009
              Rochester, New York.